IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MARTINEZ,

        Plaintiff,

    vs.                                CIV S-08-426 MCE KJM PS

ROBERT MARTINEZ, et al.,

        Defendants.           <u>ORDER</u>

                                /

        Plaintiff is proceeding in this action pro se and in forma pauperis. In response to the court's order granting leave to file an amended complaint, plaintiff filed a petition for writ of habeas corpus on April 30, 2008, which the court will construe as an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

/////

/////

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 <u>Neitzke</u>, 490 U.S. at 327.

6    A complaint, or portion thereof, should only be dismissed for failure to state a
7 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8 of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>
9 <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>
10 <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

15    The amended complaint appears to be contesting a restraining order which was
16 issued against plaintiff by the Superior Court of California, County of Sacramento.  Plaintiff is
17 advised that this court does not have appellate jurisdiction over the Superior Court.

18    The court finds the allegations in plaintiff's complaint so vague and conclusory
19 that it is unable to determine whether the current action is frivolous or fails to state a claim for
20 relief.  The court has determined that the complaint does not contain a short and plain statement
21 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
22 policy, a complaint must give fair notice and state the elements of the claim plainly and
23 succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
24 must allege with at least some degree of particularity overt acts which defendants engaged in that
25 support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of
26 /////

Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In a span of less than one month from May 5, 2008 to June 2, 2008, plaintiff filed thirteen documents, variously styled as "motions," "requests," or "notices." The general tenor of the documents is obstreperous and generally consists of gibberish. Such superfluous filing of documents with the court imposes a burden on both the judicial process and on defendants who must review such documents to determine an appropriate legal response. Plaintiff's future filings will accordingly be limited.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 30, 2008 habeas petition, construed as an amended complaint, is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket

number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

       3. Defendants need not file any responsive pleadings pending the court's review of the second amended complaint and further order of the court.

       4. The documents filed by plaintiff, docket nos. 13-25, shall be placed in the court file and disregarded.

       5. The multiplicity of plaintiff's filings are a burden on both the court and defendants and impede the proper prosecution of this action. Plaintiff's future filings shall therefore be limited. Plaintiff may only file the following documents:

       a. Proofs of service regarding summons;

       b. One opposition to any motion filed by defendants (and clearly titled as such);

       c. Only one motion pending at any time. Such motion must be properly noticed for hearing. Plaintiff is limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and

       d. One set of objections to any findings and recommendations.

       Failure to comply with this order shall result in improperly filed documents being stricken from the record and may result in a recommendation that this action be dismissed.

DATED:  June 19, 2008.

_____
U.S. MAGISTRATE JUDGE

006
martinez2.lta