1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD MARTINEZ,

11          Plaintiff,

12   vs.                                    CIV S-08-426 MCE KJM PS

13   ROBERT MARTINEZ, et al.,

14          Defendants.          <u>ORDER</u>

15   _____/

16          Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has

17   filed a second amended complaint.

18          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

19   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

20   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

21   § 1915(e)(2).

22          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

23   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

24   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

25   indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

26   490 U.S. at 327.

1        A complaint, or portion thereof, should only be dismissed for failure to state a

2  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

3  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

4  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

5  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

6  complaint under this standard, the court must accept as true the allegations of the complaint in

7  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

8  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10        As with all of plaintiff's prior complaints, the court finds the allegations in

11  plaintiff's complaint so vague and conclusory that it is unable to determine whether the current

12  action is frivolous or fails to state a claim for relief.  The court has determined that the complaint

13  does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the

14  Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

15  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,

16  649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts

17  which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to

18  comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The

19  court will, however, grant leave, one last time, for the filing of a second amended complaint.

20        If plaintiff chooses to amend the complaint, plaintiff must set forth the

21  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

22  Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

23  in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

24        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

26  amended complaint be complete in itself without reference to any prior pleading.  This is

1 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

2 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

3 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

4 original complaint, each claim and the involvement of each defendant must be sufficiently

5 alleged.

6          Because of plaintiff's superfluous and multitudinous filings, by order filed June

7 20, 2008, a limiting order was placed on plaintiff's filing.  Plaintiff then proceeded to totally

8 disregard that order and filed eleven more documents not within the parameters of the limiting

9 order.  Those documents will therefore be stricken.

10          In addition, it appears that although plaintiff does not yet have a viable complaint

11 on file, he is repeatedly serving defendants with summons in this action.  No further summons

12 will issue pending further order of the court.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's July 8, 2008 second amended complaint is dismissed.

15          2.  Plaintiff is granted thirty days from the date of service of this order to file a

16 third amended complaint that complies with the requirements of the Federal Rules of Civil

17 Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket

18 number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file

19 an original and two copies of the third amended complaint; failure to file a third amended

20 complaint in accordance with this order will result in a recommendation that this action be

21 dismissed.

22          3.  Defendants need not file any responsive pleadings pending the court's review

23 of the third amended complaint and further order of the court.

24          4.  The documents filed by plaintiff, docket nos. 32-39, 43, 45-46, shall be

25 stricken from the docket and disregarded.

26 /////

3

1      5.  Plaintiff may file only the following documents:

2          a.  One opposition to any motion filed by defendants (and clearly titled as

3   such);

4          b.  Only one motion pending at any time.  Such motion must be properly

5   noticed for hearing.  Plaintiff is limited to one memorandum of points and authorities in support

6   of the motion and one reply to any opposition; and

7          c.  One set of objections to any findings and recommendations.

8      Failure to comply with this order shall result in improperly documents being

9   stricken from the record and may result in a recommendation that this action be dismissed.

10     6.  The Clerk of Court is directed to issue no further summons in this action

11  pending further order of the court.

12  DATED:  September 24, 2008.

13

14  _____

15  U.S. MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26  006
    martinez3.lta